# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RICHARD GWALTNEY,              )
                               )
        Plaintiff,             )
                               )
    v.                         )     1:15CV772
                               )
THE REFUGE CHURCH, ET AL.,     )
                               )
        Defendants.            )

### MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court on Plaintiff's Application to Proceed In Forma Pauperis (Docket Entry 1) in conjunction with his pro se Complaint (Docket Entry 2). The Court will grant Plaintiff's instant Application for the limited purpose of recommending dismissal for lack of subject matter jurisdiction.

### LEGAL BACKGROUND

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (internal quotation marks omitted). "Dispensing with filing fees, however, [is] not without its problems. . . . In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining

relief against the administrative costs of bringing suit." Nagy v. FMC Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines . . . the action . . . is frivolous." 28 U.S.C. § 1915(e)(2). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In assessing such matters, this Court may "apply common sense." Nasim, 64 F.3d at 954; see also Nagy, 376 F.3d at 256-57 ("The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." (some internal quotation marks omitted)).

The Court may consider its subject matter jurisdiction as part of the frivolity review. Overstreet v. Colvin, 4:13-CV-261, 2014 WL 353684, at *3 (E.D.N.C. Jan. 30, 2014) (unpublished) (citing Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure")). "'[F]ederal courts are courts of limited jurisdiction,' constrained to exercise only the authority conferred by Article III of the

2

Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998) (quoting Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978)). The party invoking jurisdiction, here Plaintiff, has the burden of establishing subject matter jurisdiction. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982) ("The burden of proving subject matter jurisdiction . . . is on the plaintiff, the party asserting jurisdiction."). "The complaint must affirmatively allege the grounds for jurisdiction." Overstreet, 2014 WL 353684, at *3. The Court must dismiss the action if it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

## **ANALYSIS**

The Complaint alleges that Plaintiff is a resident of Kannapolis, North Carolina, and Defendant The Refuge Church is also located in Kannapolis, North Carolina. (Docket Entry 2 at 1.)[1] Therefore, Plaintiff has failed to carry his burden of establishing subject matter jurisdiction in this case, because Plaintiff and at least one Defendant are residents of North Carolina, circumstances which do not satisfy the diversity jurisdiction statute, see 28 U.S.C. § 1332(a). See, e.g., Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005) ("[T]he presence in the action of a single plaintiff from the same State as a single

---

[1] The Complaint names three additional Defendants: Jay Stewart, Pastor Nathan Smith, and Pastor Anthony White. (Docket Entry 2 at 1 2.)

3

defendant deprives the district court of original diversity jurisdiction over the entire action."); Sanderlin v. Hutchens, Senter & Britton, P.A., 783 F. Supp. 2d 798, 801 (W.D.N.C. 2011) ("Plaintiffs have not satisfied the complete diversity requirement. Specifically Plaintiffs and Defendant Hutchens, Senter & Britton, P .A. are both citizens of North Carolina."). The obviousness of this defect renders this action frivolous.

Moreover, Plaintiff's Complaint does not assert any claims under the United States Constitution, federal law, or federal treaties, see 28 U.S.C. § 1331; instead, it asserts causes of action for "Stalking," "Defamation," and "Restraining where [he] sit[s] in church." (Docket Entry 2 at 3.) The Complaint thus, as a matter of law, fails to establish subject matter jurisdiction and the obviousness of this defect renders this action legally frivolous in this Court.

**IT IS THEREFORE ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis (Docket Entry 1) is **GRANTED** for the limited purpose of considering this recommendation of dismissal.

**IT IS RECOMMENDED** that this action be dismissed for lack of subject matter jurisdiction.

                                       /s/ L. Patrick Auld
                                                  **L. Patrick Auld**
                                    **United States Magistrate Judge**

September 30, 2015